# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 02 2025

Nathan Ochsner, Clerk of Court

**DAYANA ALEXANDER.,**
*Plaintiff,*

**CAUSE NO.: 4:25-cv-01614**

Vs.

**CREDIT CONTROL SERVICES, INC.,
DBA CREDIT COLLECTION SERVICES**
*Defendant.*

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

*TO THE HONORABLE JUDGE OF SAID COURT:*

Plaintiff **Dayana Alexander** ("Plaintiff"), acting *pro se,* respectfully moves this Court for summary judgment against Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS" or "Defendant") pursuant to **Federal Rule of Civil Procedure 56**.

*In support, Plaintiff states as follows:*

### I. INTRODUCTION

This is an action under the **Fair Credit Reporting Act ("FCRA")**, 15 U.S.C. § 1681 et seq., and the **Fair Debt Collection Practices Act ("FDCPA")**, 15 U.S.C. § 1692 et seq. Plaintiff seeks summary judgment because there is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law.

### II. CLARIFICATION OF DEFENDANT'S NAME

Plaintiff acknowledges Defendant's clarification regarding its correct legal name and d/b/a, as set forth in Defendant's Certificate of Interested Parties (Dkt. 7) and Answer (Dkt. 6). Plaintiff's intent was to sue **Credit Control Services, Inc. d/b/a Credit Collection Services,** and Plaintiff has no objection to the correction of the caption and all references to Defendant in this action to reflect the correct name as stated by Defendant. Plaintiff requests that the Court and all parties

treat all references to Defendant as referring to Credit Control Services, Inc. d/b/a Credit Collection Services.

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff is a consumer as defined by the FCRA and FDCPA.
2. CCS is a debt collector and furnisher of credit information.
3. CCS reported a collection account for $869 allegedly owed to Allstate Vehicle Property Insurance Company on Plaintiff's credit reports with Experian and TransUnion.
4. On January 28, 2025, Plaintiff sent formal written disputes to Experian and TransUnion, challenging the accuracy and verifiability of the CCS tradeline.
5. The dispute letters specifically requested validation and supporting documentation for the alleged debt.
6. CCS received notice of the disputes via Automated Credit Dispute Verification (ACDV) forms on or about February 13, 2025.
7. CCS did not provide any documentation to substantiate the debt, nor did it correct or remove the tradeline.
8. CCS continued to report the account as a collection, merely adding a notation that the account was "disputed by consumer."
9. Plaintiff's credit reports continued to reflect the disputed CCS tradeline, which negatively impacted Plaintiff's credit score and resulted in denials of credit, medical, and dental care, as well as emotional and reputational harm.
10. Plaintiff's affidavit and supporting exhibits (see Dkt. 5) establish these facts and the resulting damages.

### IV. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a).** The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Once met, the burden shifts to the non-moving party to present evidence creating a genuine dispute. Unverified denials in pleadings do not constitute evidence. See *Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).*

### V. ARGUMENT

#### A. FCRA VIOLATION (15 U.S.C. § 1681s-2(b))

Upon receiving notice of a dispute from a consumer reporting agency, a furnisher must conduct a reasonable investigation, review all relevant information, and correct or delete any inaccurate or unverifiable information. See **15 U.S.C. § 1681s-2(b)(1).** The Eleventh Circuit in *Hinkle v.*

*Midland Credit Mgmt., Inc., 827 F.3d 1295 (11th Cir. 2016)*, held that a furnisher cannot simply rely on internal records and must be able to substantiate disputed information.

Here, Plaintiff's affidavit and exhibits show that CCS failed to provide any documentation to substantiate the debt, failed to conduct a reasonable investigation, and continued to report the account as a collection. CCS's answer (Dkt. 6) contains only unverified denials and legal arguments, which are not evidence and cannot create a genuine dispute of material fact.

### B. FDCPA VIOLATION (15 U.S.C. §§ 1692e, 1692g)

CCS continued to report the alleged debt to credit bureaus without validating it upon Plaintiff's dispute, in violation of **15 U.S.C. § 1692g(b)**. CCS also engaged in false or misleading representations by reporting disputed information as accurate without proper validation, in violation of **15 U.S.C. § 1692e(8).**

### C. DAMAGES

Plaintiff's affidavit and supporting documentation establish actual damages, including credit denials, inability to obtain medical and dental care, emotional distress, and reputational harm. Plaintiff is also entitled to statutory and punitive damages under **15 U.S.C. §§ 1681n, 1681o, and 1692k.**

## VI. CONCLUSION

There is no genuine dispute as to any material fact. Plaintiff's verified affidavit and documentary evidence establish all elements of her **FCRA** and **FDCPA** claims. CCS has failed to present any evidence to the contrary. Accordingly, Plaintiff respectfully requests that the Court grant summary judgment in her favor.

## VII. RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Enter summary judgment in favor of Plaintiff and against Defendant on all claims;
2. Order the immediate removal or correction of the inaccurate CCS tradeline from Plaintiff's credit reports;
3. Award actual damages in the amount of $9,018;
4. Award punitive damages in the amount of $81,162;
5. Award statutory damages as permitted by law;
6. Award reasonable litigation costs; and
7. Grant such other and further relief as the Court deems just and proper.

## VIII. VERIFICATION

I, **Dayana Alexander,** declare under penalty of perjury under the laws of the United States of America that the foregoing **Motion for Summary Judgment,** and all factual statements contained herein, are true and correct to the best of my knowledge, information, and belief.

**Executed on May 2, 2025, at Hockley, Texas.**

*/s/ Dayana Alexander*
**Dayana Alexander**
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Motion for Summary Judgment* was served on all parties via the Court's CM/ECF system, counsel of record email address, and by U.S. Mail on **May 2, 2025.**

Respectfully submitted,

*/s/ Dayana Alexander*
**Dayana Alexander, Pro Se**
P.O. Box 114
Hockley, TX 77447
Email: contact@agapeconsultations.com

**Date**:  May 2, 2025

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

---

**DAYANA ALEXANDER.,**

    *Plaintiff,*

**CAUSE NO.: 4:25-cv-01614**

Vs.

**CREDIT CONTROL SERVICES, INC.,
DBA CREDIT COLLECTION SERVICES**
    *Defendant.*

---

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's *Motion for Summary Judgment.* Having considered the motion, the evidence, and the applicable law, the Court finds that the motion should be and is hereby **GRANTED**. It is therefore **ORDERED** that:

1. Judgment is entered in favor of Plaintiff and against Defendant on all claims;
2. Defendant shall immediately remove or correct the inaccurate CCS tradeline from Plaintiff's credit reports;
3. Plaintiff is awarded actual damages in the amount of $9,018;
4. Plaintiff is awarded punitive damages in the amount of $81,162;
5. Plaintiff is awarded statutory damages as permitted by law;
6. Plaintiff is awarded reasonable litigation costs; and 7. Any other relief the Court deems just and proper.

**SIGNED** this ___ day of _____, 2025. _____ United States District Judge