United States Courts
Southern District of Texas
FILED

MAY 1 3 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**DAYANA ALEXANDER.,**
*Plaintiff,*
Vs.
**CREDIT CONTROL SERVICES, INC.,**
*doing business as*
Credit Collection Services, Inc.
*Defendant.*

**CAUSE NO.: 4:25-cv-01614**

**AFFIDAVIT OF DAYANA ALEXANDER**

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, **Dayana Alexander,** does solemnly affirm and declare under penalty of perjury the following: The statements below are based on my personal knowledge and are true and correct.

1. **1. Personal Information**

   a. My name is **Dayana Alexander**, and my mailing address is **PO Box 114, Hockley, TX 77447.**

   b. I am submitting this affidavit in support of my complaint against **Credit Control Services, Inc. (CCS)** for their negligent and willful non-compliance with the **Fair Credit Reporting Act (FCRA)** and the **Fair Debt Collection Practices Act (FDCPA)**.

2. **Nature of Complaint**

   a. CCS has reported inaccurate debt information to credit reporting agencies, including TransUnion and Experian, regarding a balance of **$869** allegedly owed to **Allstate Vehicle Property Insurance Company**, dated **November 30, 2022.**

# CCS Reporting Alleged/Inaccurate Debt Information

experian

Prepared For DAYANA ALEXANDER Date generated: Jan 1?, 2025

## Collection accounts

CREDIT CONTROL SERVICE — $869

Original creditor: **ALLSTATE VEHICLE PROP IN. CO**

Account info

| | | | |
|---|---|---|---|
| Account name | CREDIT CONTROL SERVICE | Balance | $869 |
| Account number | 232770XX | Balance updated | Jan 14, 2025 |
| Original creditor | ALLSTATE VEHICLE PROP IN. CO | Original balance | $869 |
| Company sold | - | Monthly payment | - |
| Account type | Collection | Past due amount | $869 |
| Date opened | Nov 30, 2022 | Terms | |
| Status | Collection account. $869 past due as of Jan 2025. | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Nov 2022 | | |

Prepared For DAYANA ALEXANDER Date generated: Jan 1?, 2025

## Collection accounts

CREDIT COLL — $869

Original creditor: **06 ALLSTATE VEHICLE PROP IN CO** — Balance updated Jan 07, 2025

Account info

| | | | |
|---|---|---|---|
| Account name | CREDIT COLL | Balance | $869 |
| Account number | 232770XX | Balance updated | Jan 07, 2025 |
| Original creditor | 06 ALLSTATE VEHICLE PROP IN CO | Paid off | 0% |
| Company sold | - | Monthly payment | - |
| Account type | Open account | Past due amount | |
| Date opened | Nov 30, 2022 | Terms | - |
| Status | - | Responsibility | Individual account |
| Status updated | Jan 2025 | Your statement | - |

Despite my formal written dispute sent to Experian and TransUnion on or about **January 28, 2025** ***(EXHIBIT A- attached dispute letters Experience and TransUnion)***, CCS did not perform a reasonable investigation or validate the debt as required by the FCRA. Despite receiving dispute letters from the Plaintiff, requesting evidence of the reinvestigation and account-level documentation from the original creditor, CCS continued to report the account inaccurately and never provided the requested documentation. CCS's actions reflect both **negligence** and **willful disregard** for their legal obligations.

3. **Evidence of Negligence and Non-Compliance**
    a. The disputed debt is listed as a **collection account** on my credit reports with the status **"Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)". (EXHIBIT B-*Experian April 3 Report*)**, is insufficient as it does not correct the underlying inaccuracy and continues to negatively impact my creditworthiness.

    b. CCS failed to provide documentation to substantiate the debt and did not remove or correct the disputed account, violating their obligations under **15 U.S.C. § 1681s-2(b)**. CCS failed to conduct a reasonable investigation, review relevant information, or accurately report the results to the CRAs. Furthermore, my ***requests for details regarding the reinvestigation process,*** sent to Experian and TransUnion on March 14, 2025 **(EXHIBIT C -*2nd dispute letters*)**, were not adequately addressed, indicating a continued failure to comply with FCRA requirements.

    c. Their willful non-compliance qualifies under **15 U.S.C. § 1681n,** which entitles affected consumers to **actual damages, punitive damages**, and **Litigation Costs.** The continued reporting of inaccurate information, despite my disputes and requests for validation, demonstrates a reckless disregard for my rights under the FCRA.

**Impact on Credit Profile and Financial Standing** My FICO® Score 8, as of **April 3, 2025**, is **601 (Fair)**, according to the TransUnion report **(EXHIBIT D-*Transunion CR)***

4/3/25, 1:21 PM Experian

Prepared For

**DAYANA D. ALEXANDER**

Personal & confidential

**At a glance**

**FICO® Score 8**

**601**

**Account summary**

| | |
|---|---|
| Open accounts | 13 |
| Accounts ever late | 8 |
| Closed accounts | 0 |
| Collections | 1 |
| Average account age | 7 yrs 1 mo |
| Oldest account | 11 yrs 3 mos |

**Overall credit usage**

81 %

Credit used $4,214

Credit limit $5,200

**Debt summary**

| | |
|---|---|
| Credit card and credit line debt | $4,214 |
| Loan debt | $45,150 |
| Collections debt | $869 |
| Total debt | $50,233 |

significantly below the U.S. average. This low score is directly attributable to the derogatory reporting of the CCS account and other inaccuracies, as highlighted in the Experian credit report **(EXHIBIT E- *Experian April 3*)**, which notes "Negative Items" and "Bad Payment History" as key factors hurting my score. **EXHIBIT E**

**Credit scores**

**FICO® Score 8**

**601**

**What's helping**

- **Long credit history**

[illegible]

**What's hurting**

**Negative items**

[illegible]

**Bad payment history**

[illegible]

This inaccurate reporting caused me to lose credit opportunities, including a credit denial by **TAB Bank,** as documented in the **Notice of Adverse Action (EXHIBIT F-Adverse Action)** dated **February 4, 2025.**

**EXHIBIT F-Adverse Notice Letter TAB Bank**

NOTICE OF ADVERSE ACTION

Date: 02/04/2025

Dayana Alexander
**15703 twisting springs dr**
**cypress, TX 77433**

Dear Applicant: Dayana Alexander

Thank you for applying for credit from TAB Bank through Sunbit.

After carefully reviewing your application, we are sorry to advise you that, at this time, TAB Bank cannot approve your application for credit. If you would like a statement of specific reasons why your application was denied by TAB Bank, please contact us using the information shown below within 60 days of the date of this letter. We will provide you with the statement of reasons within 30 days after receiving your request.

TAB Bank c/o Sunbit Now LLC
PO Box 24010
Los Angeles, CA 90024
Toll-Free Telephone No.: 855.678.6248

[X] TAB Bank's decision was based in whole or in part on information obtained in a report from the consumer reporting agency(ies) listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency(ies). The reporting agency(ies) played no part in TAB Bank's decision and is unable to supply specific reasons why TAB Bank did not approve your application. You also have a right to receive a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report(s) you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency(ies).

TransUnion LLC
2 Baldwin Place
P.O. Box 1000
Chester, PA 19016
Toll-Free Telephone No.: 800.888.4213

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's

The financial harm also includes the inability to proceed with necessary dental treatments outlined in the **Proposed Treatment Plan** from **Waller Dental Associates**, totaling **$9,018**, as I could not secure adequate financing due to my lowered credit score.

## EXHIBIT G- Proposed Plan

2/4/2025

### Proposed Treatment Plan

Waller Dental Associates, PA

31315 FM 2920 Rd, Suite 15A
Waller TX 77484-8022
(936)372-2873 (936)372-2873

DAYANA De Valle
PO Box 114
Hockley TX 77447

| Phase | Date Plan | Appt | Provider | Service | Th | Surf | Fee | Ins. | (handwritten) | Pat. |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/4/2025 | | D09 | D0150 COMPREHENSIVE ORAL EVALUA | | | $140.00 | $0.00 | #99 | $140.00 |
| 1 | 2/4/2025 | | D09 | D1110 PROPHYLAXIS ADULT | | | $150.00 | $0.00 | | $150.00 |
| 1 | 2/4/2025 | | D09 | D0330 PANORAMIC FILM | | | $124.00 | $0.00 | | $124.00 |
| 1 | 2/4/2025 | | D09 | D0210 INTRAORAL-COMPLETE SERIES INCL B | | | $201.00 | $0.00 | | $201.00 |
| | | | | Subtotal for This Phase: | | | $615.00 | $0.00 | | $615.00 |
| 2 | 2/4/2025 | | D09 | D2950 CORE BUILDUP INCLUDING ANY | 2 | | $387.00 | $0.00 | #1100 EA | $387.00 |
| 2 | 2/4/2025 | | D09 | D2950 CORE BUILDUP INCLUDING ANY | 3 | | $387.00 | $0.00 | | $387.00 |
| 2 | 2/4/2025 | | D09 | D2950 CORE BUILDUP INCLUDING ANY | 4 | | $387.00 | $0.00 | | $387.00 |
| 2 | 2/4/2025 | | D09 | D2740 CROWN-PORCELAIN/CERAMIC S | 2 | | $1,700.00 | $0.00 | | $1,700.00 |
| 2 | 2/4/2025 | | D09 | D2740 CROWN-PORCELAIN/CERAMIC S | 3 | | $1,700.00 | $0.00 | | $1,700.00 |
| 2 | 2/4/2025 | | D09 | D2740 CROWN-PORCELAIN/CERAMIC S | 4 | | $1,700.00 | $0.00 | | $1,700.00 |
| 2 | 2/4/2025 | | D09 | DELC DELIVER CROWN | 2-4 | | $0.00 | $0.00 | | $0.00 |
| | | | | Subtotal for This Phase: | | | $6,261.00 | $0.00 | | $6,261.00 |
| 3 | 2/4/2025 | | D09 | D7210 SURGICAL REMOVAL OF ERUPT | 16 | | $444.00 | $0.00 | #375 | $444.00 |
| 3 | 2/4/2025 | | D09 | D2392 RESIN BASED COMPOSITE-TWO | 15 | DL | $3[illegible] | $0.00 | #200 | [illegible] |
| 3 | 2/4/2025 | | D09 | D2392 RESIN BASED COMPOSITE-TWO | 14 | VO | $3[illegible] | $0.00 | #200 | [illegible] |
| 3 | 2/4/2025 | | D09 | D2393 RESIN BASED COMPOSITE-THR | 13 | MOD | $403.00 | $0.00 | #350 | [illegible] |
| | | | | Subtotal for This Phase: | | | $1,531.00 | $0.00 | | $1,531.00 |
| 4 | 2/4/2025 | | D09 | D2391 RESIN BASED COMPOSITE-ONE | 18 | O | [illegible] | $0.00 | #125 | [illegible] |
| 4 | 2/4/2025 | | D09 | D2392 RESIN BASED COMPOSITE-TWO | 19 | DL | $3[illegible] | $0.00 | $200 | [illegible] |
| | | | | Subtotal for This Phase: | | | $61[illegible] | $0.00 | | [illegible] |
| | | | | Subtotal | | | $9,018.00 | $0.00 | | $9,018.00 |

LOS PRECIOS SE ME HAN EXPLICADO. YO NO AUTORIZO NINGUN TRATAMIENTO SOLO QUE YO FIRME EL CONSENTIMIENTO. PAGO DE ASEGURANZA NO ES GARANTIZADO. YO SOY RESPONSABLE POR LA DIFERENCIA

| | |
|---|---|
| Total Proposed: | $9,018.00 |
| Total Completed: | $0.00 |
| Total Accepted: | $0.00 |
| Proposed Insurance: | $0.00 |

4. **Emotional Distress and Reputational Harm**

    a. CCS's failure to address and rectify the disputed debt has caused significant emotional distress, including anxiety and frustration over financial instability. The stress of dealing with inaccurate credit reporting has also impacted my ability to focus on my business, Agape Advocacy Consulting, as evidenced by the need to spend considerable time and resources attempting to correct these errors

    b. The inaccurate reporting has damaged my reputation with lenders, portraying an unjustified image of financial irresponsibility. This has made it difficult to secure favorable terms on loans and credit cards, further hindering my financial stability.

    c. **Abusive Divorce and Domestic Abuse**: I am currently enduring an abusive divorce and I am a victim of domestic abuse. This abuse has included emotional and financial coercion, exacerbating the strain on me and my children. This abusive environment has made restructuring my life extraordinarily challenging during this horrendous and trying time.

    d. **Impact of CCS's Inaccurate Credit Reporting**: During these emotional times, I have been diligently working to restructure my life by obtaining a car, housing, and medical care to provide stability for myself and my children. However, CCS's inaccurate reporting of an $869 debt allegedly owed to Allstate Vehicle Property Insurance Company has led to repeated denials of credit, severely restraining my life and liberty. Specifically, I was denied a car loan, critical for transportation to court hearings and my advocacy work with Agape Advocacy Consulting. Similarly, housing applications were rejected, preventing me from securing a safe home for my children amidst the divorce's turmoil. These denials have trapped me in a cycle of instability, exacerbating the emotional toll of domestic abuse.

    e. **Denial of Medical Care**: CCS's inaccurate reporting has also blocked my access to medical care, further infringing on my liberty. I was denied Sunbit financing for essential dental treatments totaling $11,347 **(EXHIBIT F)** Waller Dental Associates Proposed Treatment Plan **(EXHIBIT G)** and denied CareCredit for

eye treatments necessary for my health and ability to function as a parent and advocate **(EXHIBIT H- *Care Credit Denial*).** These denials, documented, have left me unable to address critical health needs, compounding the stress of the abusive divorce and court injustices. The inability to obtain medical care has significantly impacted my quality of life and ability to care for children.

f. **Significant Life and Liberty Restraints**: The combined effect of CCS's inaccurate credit reporting and the court's injustices has significantly restrained my life and liberty. The denials for a car, housing, and medical care have prevented me from rebuilding a stable environment for my children, who are suffering emotionally. These restraints have hindered my pursuit of financial independence and safety, critical for escaping the cycle of domestic abuse. CCS's failure to correct the disputed debt, despite my formal disputes on January 28, 2025, demonstrates willful non-compliance under 15 U.S.C. § 1681n, entitling me to compensatory and punitive damages to address this injustice.

g. **Emotional and Reputational Harm**: The ongoing injustices in my divorce case, coupled with CCS's inaccurate reporting, have caused profound emotional distress, including anxiety, fear, and despair, as I struggle to protect my children and rebuild my life. CCS's derogatory reporting has damaged my reputation with lenders, portraying me as financially irresponsible despite my efforts to dispute the debt. This has further isolated me, undermining my advocacy work and ability to provide for my children, whose well-being is my priority.

5. **Punitive Damages**

a. Given CCS's **willful non-compliance** under **15 U.S.C. § 1681n,** I seek punitive damages to deter similar conduct in the future. The statute allows for punitive damages to be awarded in cases of willful non-compliance with the FCRA.

b. I respectfully request the Court impose **punitive damages in the amount of $102,123** (9 × $11,347), alongside the compensatory damages, to hold CCS accountable for their deliberate misconduct. This amount is justified given the severity of their negligence, the continued failure to validate the debt, and the

significant impact on my financial well-being.

6. **Legal Relief Requested**
   a. I respectfully request that the Court find CCS in violation of the **FCRA** and **FDCPA**, and order the following relief:
      - Immediate removal or correction of the inaccurate debt information from my credit reports.
      - Monetary compensation for emotional distress, financial harm, and reputational damage in the amount of **$9,018**.
      - **Punitive damages** of **$81,162** for willful non-compliance, as permitted under **15 U.S.C. § 1681n.**
      - Litigation costs associated with this complaint.

## Affirmation

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**/s/ Dayana Alexander**

Dayana Alexander

**Notary Public:**

Subscribed and sworn to before me on this 12 day of May 2025 by **Dayana Alexander.**

EXECUTED this 12 day of May, 2025 in Harris County, State of Texas.

Ana Laura Salazar Uribe

Document Notarized using a Live Audio-Video Connection

NOTARY PUBLIC STATE OF TEXAS
ANA LAURA SALAZAR URIBE
ELECTRONIC NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID: 131757026
COMISSION EXP: OCT 11, 2026