# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | |
|---|---|
| DAYNA ALEXANDER,<br><br>               Plaintiff,<br>vs.<br><br>CREDIT CONTROL SERVICES, INC.<br>d/b/a CREDIT COLLECTION<br>SERVICES, Inc,<br><br>               Defendant. | Civ. No. 6:24-CV-229 |

### DECLARATION OF JEFFREY STODDARD

On this day, May 22, 2025, I, JEFFREY STODDARD, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I, the undersigned, am over the age of eighteen (18) years of age, of sound mind, have never been convicted of a felony or a misdemeanor of moral turpitude and am fully competent and qualified to make this Declaration. I have personal knowledge of all the facts set forth in this Declaration and all facts and statements contained herein are true and correct of my own personal knowledge.

2. My legal name is Jeffrey Stoddard. I am the Chief Compliance Officer for Credit Control Services, Inc. d/b/a Credit Collection Services, Inc. ("CCS").

3. The information contained in this Declaration is based upon my personal knowledge gained through my work with CCS, as well as my review of relevant CCS' business records concerning the Allstate Insurance Company account at issue, with an account number ending in 0-070 ("Account").

4.     All documents reviewed in preparation of this Declaration were made in the regular course of CCS' business and it was the regular course of CCS' business to make such records at or near the time of the acts, events or conditions recorded by a person with knowledge or from information transmitted by a person with knowledge of the acts, events or conditions reflected in the documents.

5.     I have reviewed and am familiar with Plaintiff's allegations set forth in her Complaint, her Affidavit, and the Motion for Summary Judgment filed by Plaintiff.

6.     This matter was only recently filed. Prior to allowing any time for discovery, Plaintiff immediately filed a motion for summary judgment. However, CCS has had no opportunity to conduct discovery which is needed for CCS to properly defend itself in this matter.

7.     Plaintiff alleges that CCS reported inaccurate information to the credit bureaus. Plaintiff has provided little to no evidence to support this claim and to test the Plaintiff's credibility and veracity. Therefore, CCS needs discovery into Plaintiff's claims concerning the allegedly inaccurate credit reporting.

8.     CCS is in possession of information from the creditor of the debt supporting the accuracy of the debt. This information contradicts the Plaintiff's claims.

9.     CCS needs to see what documents are in Plaintiff's possession concerning the credit reporting to determine whether Plaintiff has any credible evidence that contradicts the creditor's information and supports her claims of inaccuracy in the credit reporting.

10.    CCS, through discovery, will need to obtain any information and documentation in Plaintiff's possession that would show that Plaintiff does not owe the debt in question or the information furnished to the credit report are inaccurate. For instance, CCS has not had any

opportunity to (1) explore whether Plaintiff has records countering CCS's position that the debt was not paid; (2) explore whether Plaintiff has records countering CCS' position that the debt is hers; and (3) explore whether Plaintiff has records that would justify her failure to pay the debt.

11. Further, CCS requires additional time to conduct discovery claims regarding the request for validation and whether the validation request was made timely pursuant to Section 1692g(b) of the FDCPA.

12. Plaintiff also alleges she suffered substantial damages as a result of the alleged inaccurate credit reporting. CCS also requires additional time to conduct discovery into Plaintiff's damages claims. For example, CCS needs to determine through testimony and documentation whether the Plaintiff was denied credit or received credit on less than favorable terms.

13. Many of the damages alleged by Plaintiff appear to relate to circumstances, events, or conditions present in Plaintiff's life that do not involve CCS and in which CCS was not involved.

14. CCS intends to oppose Plaintiff's Motion for Summary Judgment after the completion of discovery, as CCS believes it has both legal and factual defenses to the claims asserted by Plaintiff.

Executed on this 22nd day of May, 2025

**Stoddard, Jeffrey**
Digitally signed by Stoddard, Jeffrey
DN: cn=Stoddard, Jeffrey ou=Users e=jstoddard@ccsusa.com
Reason: I have reviewed this document
Location:
Date: 2025-05-22 14:07-04:00

JEFFREY STODDARD
CHIEF COMPLIANCE OFFICER
CREDIT CONTROL SERVICES, INC.