# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 30 2025

Nathan Ochsner, Clerk of Court

**DAYANA ALEXANDER.,**

*Plaintiff,*

**CAUSE NO.: 4:25-cv-01614**

Vs.

**CREDIT CONTROL SERVICES, INC.,
DBA CREDIT COLLECTION SERVICES**
*Defendant.*

## PLAINTIFF'S BRIEF IN SUPPORT OF THE RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE

*TO THE HONORABLE JUDGE OF SAID COURT:*

Plaintiff Dayana Alexander respectfully files this Brief in Support of her Opposition to Defendant's Motion to Continue the Summary Judgment Response Deadline pursuant to Federal Rule of Civil Procedure 56(d), and states as follows:

### I. DEFENDANT HAS FAILED TO IDENTIFY ANY GENUINE FACTUAL DISPUTE

Plaintiff has submitted a sworn affidavit, a Motion for Summary Judgment, and a Supplement, each establishing all material elements of her claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g. Defendant Credit Control Services, Inc. ("CCS") has not submitted any admissible evidence rebutting these factual assertions.

Instead, CCS seeks delay, not to present conflicting facts, but to buy time for general discovery. However, Rule 56(d) requires more than a hope for future evidence—it demands that the nonmovant identify specific facts essential to opposing summary judgment that are presently unavailable.

### II. RULE 56(d) DOES NOT APPLY WHERE DEFENDANT HAD AMPLE TIME AND FAILED TO RESPOND WITH COMPETENT EVIDENCE

*A party seeking relief under Rule 56(d) must explain:*

1. Why it cannot present facts essential to its opposition;
2. What specific evidence it expects to discover;
3. How that evidence would create a genuine dispute of material fact.

*See Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010); Bailey v. KS Mgmt. Servs., LLC, 35 F.4th 397, 401 (5th Cir. 2022).*

### *CCS has failed on all three points. It has:*

- Not identified any evidence it cannot currently access;
- Not explained why it didn't submit a declaration earlier;
- Not stated what specific fact is disputed and why it requires discovery.

Furthermore, Plaintiff filed her Motion for Summary Judgment on May 2, 2025. Defendant filed no affidavit, no documentation, and no evidentiary rebuttal in the three weeks that followed, despite having access to the operative facts (such as ACDV receipt, reporting decisions, and policies).

### III. NO DISCOVERY IS NECESSARY TO DECIDE THE LEGAL ISSUES PRESENTED

### *The legal issues before the Court are narrow:*

- Whether CCS received notice of the dispute from a credit bureau (they admitted it);
- Whether CCS conducted a reasonable investigation or provided documentation (they admit they did not);
- Whether CCS continued reporting without verification (affirmed in their Answer).

These are not discovery-dependent questions. CCS's assertion that general discovery might uncover facts does not overcome the clear and unrebutted record now before the Court.

### CONCLUSION

CCS has failed to meet the standard under Rule 56(d). Their affidavit does not establish that facts essential to opposing summary judgment are unavailable, nor that discovery will reveal such facts. The record is sufficient, the facts are undisputed, and the Court should proceed with a ruling on the merits.

### REQUEST FOR RELIEF

### *Plaintiff respectfully requests that the Court:*

1. DENY Defendant's Rule 56(d) Motion to Continue;
2. Proceed with ruling on Plaintiff's Motion for Summary Judgment;
3. And grant such further relief as this Court deems just and proper.

Respectfully submitted,

**By: /s/ Dayana Alexander**
**Dayana Alexander**
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Brief in Support of Opposition to Defendant's Rule 56(d) Motion to Continue was served on all parties via the Court's CM/ECF system, counsel of record email address.

**Date: May 30, 2025**

/s/ Dayana Alexander
**Dayana Alexander,** *Pro Se*
P.O. Box 114
Hockley, TX 77447

Email: