# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **DAYANA ALEXANDER.,**<br>*Plaintiff,*<br><br>Vs.<br><br>**CREDIT CONTROL SERVICES, INC.,**<br>**DBA CREDIT COLLECTION SERVICES**<br>*Defendant.* | **CAUSE NO.:** 4:25-cv-01614 |

## PLAINTIFF'S BRIEF IN SUPPORT OF THE MOTION FOR SUMMARY JUDGEMENT DOC NO. (8)

# TABLE OF CONTENTS

                                                                                                                    Page

Table of Contents......................................................................................................................i

Table of Authorities.................................................................................................................ii

A. INTRODUCTION...............................................................................................................1

B. UNDISPUTED FACTS....................................................................................................1-2

LEGAL STANDARD.................................................................................................................2

C. ARGUMENT.......................................................................................................................3

      a. Fabricated Account Numbers Violate the FCRA...............................................3

      b. Instant Investigations Are Not Reasonable........................................................3

      c. Inaccurate Open Date and Missing Payment History........................................3

      d. Willfulness and Negligence...............................................................................3

D. CONTRADICTION CHART..............................................................................................4

E. DAMAGES...........................................................................................................................4

F. RELIEF REQUESTED........................................................................................................5

VERIFICATION.........................................................................................................................5

CERTIFICATE OF SERVICE...................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)................................................................2

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).............................................................................2

Hinkle v. Midland Credit Mgmt., 827 F.3d 1295 (11th Cir. 2016)..............................................3

Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426 (4th Cir. 2004)..............................................3

Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986)..........................................2

Ramirez v. TransUnion, 141 S. Ct. 2190 (2021).........................................................................4

Roberts v. Carter-Young, Inc., 64 F.4th 1100 (11th Cir. 2023).....................................................3

Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)......................................................................3

**STATUTES**

15 U.S.C. § 1681n.....................................................................................................................3, 5

15 U.S.C. § 1681o.....................................................................................................................3, 5

15 U.S.C. § 1681s-2(b)...........................................................................................................,1, 3

15 U.S.C. § 1681s-2(b)(1)(D)......................................................................................................3
15 U.S.C. § 1681s-2(b)(1)(G) .....................................................................................................3

**RULES**

Fed. R. Civ. P. 56(a)................................................................................................................2, 5

Fed. R. Civ. P. 56(g)......................................................................................................................5

## A. INTRODUCTION

This case presents undisputed evidence of the negligent violations of the Fair Credit Reporting Act (FCRA). Defendant CCS fabricated account numbers, furnished false open dates, reported incomplete payment histories, and verified disputes instantly through the e-OSCAR system without reviewing original creditor documentation.

CCS has taken shifting, contradictory positions regarding Automated Consumer Dispute Verification (ACDV) forms — first admitting receipt, then promising production, later refusing, and finally disclaiming possession altogether. These contradictions, combined with documentary proof, shows that CCS failed its statutory duties under *15 U.S.C. § 1681s-2(b).*

## B. UNDISPUTED FACTS

1. The original Allstate policy/account number shows ("429350417"). *See [Doc 34-1 at p. 2]attached hereto as* **Exhibit A** *and attached hereto as* **Exhibit B** *at 57- 59 (policy number)*.

2. CCS provided an incorrect "open date." Evidence from a September 2022 billing statement demonstrates that November 2022 is not the original open date. *See [Doc 34-1 at p. 2] attached hereto as* **Exhibit A**.

3. CCS verified the disputes instantly — dispute logs show receipt and "investigation complete" at the **same minute** (7:56 a.m.) attached hereto as **Exhibit A**

4. CCS failed to furnish and or report any payment history. *See [Doc 34-1 at p. 6] attached hereto as Exhibit A*

5. CCS furnished a fabricated account number ("**06023277076**") to Experian and TransUnion attached hereto as **Exhibit C**; Credit Report. [**SECOND REQUEST FOR**

1

      **ADMISSION NO. 3:** Admit CCS never reported the original Allstate policy/account number to any CRA attached hereto as **Exhibit D.**

6. Plaintiff disputed the tradeline with both CRAs. "CCS admits that Plaintiff sent a letter dated January 28, 2025 to Experian and TransUnion and that the Automated Credit Dispute Verification ("ACDV") forms were received by CCS on or about February 13, 2025" *See* [Doc. 6 at p. 3 # 7] attached hereto as **Exhibit E.**

7. CCS never reviewed original creditor records, instead parroting its internal fabricated data. Attached hereto as **Exhibit E** Dkt 6; CCS's # 13 admission concedes no correction, relying on internals. **Dkt. 14 (CCS's Motion for Continuance, Filed May 23, 2025) and Dkt. 14-2 (Stoddard Affidavit)** attached hereto as **Exhibit F ;** The motion and affidavit (¶6-8) vaguely seek discovery to "explore the accuracy of the debt" and "obtain information from the creditor," implying they haven't reviewed original records yet—contradicting their prior **"complete"** investigation claims. This inconsistency proves internal parroting, as they admit needing external info now.

8. CCS ultimately deleted the tradeline from the CRA's on or April 9, 2025 — an implicit admission that the reporting was false attached hereto as **Exhibit G.**

## LEGAL STANDARD

Summary judgment is proper in this case under Fed. R. Civ. P. 56(a) when there is "no genuine issue" of material fact that exists and the movant is entitled to summary judgment as a matter of law. The moving party must demonstrate the absence of a genuine issue; the burden then shifts to the nonmovant to show evidence that creates a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

A factual issue is "material" only if it affects the outcome under governing law and "genuine" only if a reasonable jury could return a verdict for the nonmovant. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Attorney argument does not suffice; admissible evidence is required. See *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## C. ARGUMENT

a. **Fabricated Account Numbers Violate the FCRA**

The Eleventh Circuit in *Roberts v. Carter-Young, Inc.*, 64 F.4th 1100 (11th Cir. 2023), held that inaccurate account identifiers violate the FCRA because they frustrate the dispute process and mislead consumers and CRAs. Here, CCS reported a fabricated number ("06023277076") unrelated to the Allstate policy number ("429350417"). This false identifier was the core of the tradeline, rendering the reporting inaccurate under *§ 1681s-2(b)(1)(D) and § 1681s-2(b)(1)(G).*

b. **Instant Investigations Are Not Reasonable**

The Eleventh Circuit in *Hinkle v. Midland Credit Mgmt.*, 827 F.3d 1295 (11th Cir. 2016), held that furnishers cannot satisfy *§ 1681s-2(b)* by merely confirming internal records. CCS's own dispute logs show receipt and completion of disputes at the same minute. Such "robo-verifications" through e-OSCAR without reviewing original records are unreasonable as a matter of law.

c. **Inaccurate Open Date and Missing Payment History**

Furnishers must ensure accuracy of all material aspects of a tradeline, not just balances. *Johnson v. MBNA Am. Bank, N.A.*, 357 F.3d 426 (4th Cir. 2004). CCS reported a false open date and omitted payment history — both readily verifiable facts — further violating **§ 1681s-2(b).**

d. **Willfulness and Negligence**

Under *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), willfulness includes reckless disregard of statutory duties. CCS knowingly fabricated numbers, logged "instant" investigations, and provided contradictory discovery responses. At a minimum, this is negligent under **§ 1681o**; at worst, willful under **§ 1681n**, warranting statutory and punitive damages.

### D.  CONTRADICTION CHART

| Date/Filing | CCS Statement | CCS Contradiction |
|---|---|---|
| Defendant's answer *See* [*Doc. 6 "Answer" ¶7*] | Admitted receiving ACDVs | Later denied possession |
| Email from (Counsel) | Promised to produce ACDVs (all CRAs) | Later refused production |
| Email from (Counsel) | "ACDVs will not be produced | Contradicts prior promise |
| Discovery Response | Claimed no ACDV's in possession | Contradicts both Answer and logs |
| Defendant's answer *See* [*Doc. 6 at p. 3 ¶9*] | Claimed a reasonable investigation was conducted and that all information furnished was accurate | Contradicted by fabricated account number, false open date, no payment history. See Exhibit A |

### E.  DAMAGES

***Plaintiff has documented real harm:***

- Denied credit, including $10,000 dental financing and auto loan rejection.
- Forced into bankruptcy proceedings.
- Ongoing psychiatric and medical treatment for emotional distress.
- Inability to provide adequately for four children due to credit damage.

Under *Ramirez v. TransUnion*, 141 S. Ct. 2190 (2021), these are considered concrete harms sufficient to establish standing and actual damages.

4

## F. RELIEF REQUESTED

*Plaintiff respectfully requests the Court to:*

1. **Grant summary judgment** under Fed. R. Civ. P. 56(a);
2. Alternatively, under **Rule 56(g)** deem the following facts established:
   - CCS fabricated and reported account number 06023277076;
   - CCS reported a false open date and no payment history;
   - CCS verified disputes instantly without reviewing original records;
   - CCS deleted the tradeline after prolonged disputes.

3. Award statutory, actual, and punitive damages under **§§ 1681n and 1681o**;
4. Grant such other relief as the Court deems just and proper.

## VERIFICATION

I, **Dayana Alexander,** declare under penalty of perjury under the laws of the United States of America, that the foregoing **Brief**, and all factual statements contained within, are true and correct.

**EXECUTED** on September 30, 2025, at Hockley, Texas.

*/s/ Dayana Alexander*
**Dayana Alexander**
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing ***Brief*** was served on all parties via the Court's CM/ECF system, counsel of record email address on September 30, 2025**.**

Respectfully submitted,

*/s/ Dayana Alexander*
**Dayana Alexander, Pro Se**
P.O. Box 114
Hockley, TX 77447
Email: contact@agapeconsultations.com
