# UNITED STATES DISTRICT
# COURT FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **DAYANA ALEXANDER.,** | |
| *Plaintiff,* | **CAUSE NO.:** 4:25-cv-01614 |
| Vs. | |
| **CREDIT CONTROL SERVICES, INC.,** | |
| **DBA CREDIT COLLECTION SERVICES** | |
| *Defendant.* | |

## PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Dayana Alexander, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c), Southern District of Texas Local Rule 79.2, and the Court's inherent authority to grant leave to file certain exhibits under seal. These exhibits are subject to the Protective Order entered by the Court. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

Plaintiff seeks to file a Brief in Support of the Motion for Summary Judgment (Doc. No. 8) that references and attaches exhibits containing confidential information produced by Defendant Credit Control Services, Inc. ("CCS") during discovery. The Protective Order governs the handling of such materials, designating them as confidential to protect proprietary business information, trade secrets, and other sensitive data. Filing these exhibits publicly would violate the Protective Order and cause irreparable harm to CCS. Accordingly, Plaintiff requests leave to file the exhibits under seal, while the main document remains public.

## II. BACKGROUND

1. On August 13, 2025, the Court entered a Protective Order (Dkt. No.32 agreed upon by the parties, which permits designation of discovery materials as "CONFIDENTIAL" to protect sensitive information from public disclosure.

2. CCS produced documents during discovery, including internal production notes, dispute logs, and other materials, which it designated as confidential under the Protective Order.

3. Plaintiff now seeks to use these materials as exhibits in support of her Brief in Support of the Motion for Summary Judgment, but filing them publicly would contravene the Protective Order's terms.

## III. LEGAL STANDARD

The Court has broad discretion to seal documents to protect confidential information, balancing the public's right to access against the parties' interests in confidentiality. *June Med. Servs. L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (public access not absolute; sealing appropriate for trade secrets or confidential business info). Under Local Rule 79.2, parties may move to seal filings subject to a protective order. Fed. R. Civ. P. 26(c)(1)(G) authorizes protective orders to require confidential treatment of trade secrets or commercial information. Sealing is warranted where, as here, the materials are designated confidential and disclosure would harm competitive interests. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (sealing financial data to prevent harm).

## IV. ARGUMENT

The exhibits contain CCS's proprietary internal production notes, dispute logs, and other sensitive business information designated as confidential under the Protective Order. Public disclosure would violate the Order and potentially harm CCS's competitive position by revealing internal processes and data. The public's interest in access is minimal, as the main arguments in the filing can be presented without the sealed exhibits. Sealing preserves the Order's integrity while allowing the Court full review. *See Phillips*, 22 F.4th at 520 (sealing appropriate when

harm outweighs public interest). Plaintiff has conferred with CCS and CCS does not oppose this motion.

### V. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and permit the filing of the specified exhibits under seal. Plaintiff further requests such other and further relief as the Court deems just and proper.

### VERIFICATION

I, **Dayana Alexander,** declare under penalty of perjury under the laws of the United States of America, that the foregoing **PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL**, and all factual statements contained within, are true and correct.

**EXECUTED** on September 30, 2025, at Hockley, Texas.

Respectfully submitted,

*/s/ Dayana Alexander*
**Dayana Alexander, Pro Se**
P.O. Box 114
Hockley, TX 77447
Email: contact@agapeconsultations.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), Plaintiff certifies that she conferred with CCS's counsel via email on September 24, 2025 inquiring about any objections to filing the exhibits under seal. **CCS indicated no objection.**

## CERTIFICATE OF SERVICE

I certify that on September 30, 2025, a true and correct copy was served on CCS's counsel via CM/ECF and email.

Respectfully submitted,

*/s/ Dayana Alexander*

**Dayana Alexander, Pro Se**

P.O. Box 114

Hockley, TX 77447

Email: contact@agapeconsultations.com