## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **DAYANA ALEXANDER.,** | |
| *Plaintiff,* | **CAUSE NO.:** 4:25-cv-01614 |
| Vs. | |
| **CREDIT CONTROL SERVICES, INC.,** **DBA CREDIT COLLECTION SERVICES** *Defendant.* | |

### PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

*TO THE HONORABLE JUDGE OF SAID COURT:*

Plaintiff Dayana Alexander, appearing Pro Se, respectfully submits this Second Notice of Supplemental Authority in support of her Motion for Summary Judgment (Dkt. No. 8). Plaintiff brings to the Court's attention the following controlling and persuasive legal authorities regarding the "reasonable investigation" standard under 15 U.S.C. § 1681s-2(b) and the assessment of damages for willful non-compliance.

### I. AUTHORITIES REGARDING "REASONABLE INVESTIGATION" AND "PRACTICAL ACCURACY"

1. **Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631 (5th Cir. 2002)**

   ○ **Relevance:** This controlling Fifth Circuit precedent establishes the baseline that a furnisher's investigation must be reasonable under the circumstances. It affirms that § 1681s-2(b) imposes a distinct duty on furnishers to investigate disputes upon notice from a CRA.

2. **Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426 (4th Cir. 2004)**

○ **Relevance:** This leading case, widely cited in FCRA jurisprudence, holds that a furnisher's investigation is **unreasonable** if it merely "parrots" information from its own electronic files without verifying the underlying facts. The court held that a reasonable investigation requires a furnisher to "conduct some degree of careful inquiry," which may include reviewing original account documents.

○ **Application:** Plaintiff alleges Defendant CCS conducted an "instant" verification, directly violating the *Johnson* standard.

3. **Saunders v. Branch Banking & Trust Co. (BB&T), 526 F.3d 142 (4th Cir. 2008)**

○ **Relevance:** This case establishes that a furnisher violates the FCRA by reporting information that, while technically accurate in isolation (e.g., a balance), is **"practically inaccurate"** or misleading because it omits critical context (such as the correct account number or open date).

○ **Application:** Defendant CCS admitted to furnishing a fabricated internal account number **(06023277076)** and a misleading "open date" (Nov 2022) rather than the original Allstate policy information. Under *Saunders*, this misleading reporting constitutes a violation.

## II. AUTHORITY REGARDING DAMAGES FOR EMOTIONAL DISTRESS

4. **Bach v. First Union Nat'l Bank, 486 F.3d 150 (6th Cir. 2007)**

○ **Relevance:** In *Bach*, the court upheld a significant jury award ($400,000) for **emotional distress damages** solely based on the plaintiff's testimony of humiliation and stress caused by inaccurate credit reporting, even without extensive medical evidence.

○ **Application:** Plaintiff Alexander has provided **objective medical evidence** (Teladoc records and ER radiology reports) diagnosing Depression, Cervicalgia, and muscle spasms directly caused by the Defendant's conduct. This evidence

exceeds the evidentiary threshold found sufficient in *Bach* to support substantial actual damages.

### III. AUTHORITY REGARDING PUNITIVE DAMAGES

5. **Williams v. First Advantage LNS Screening Sols. Inc., 947 F.3d 735 (11th Cir. 2020)**

   ○ **Relevance:** This case affirms that a jury may award substantial punitive damages (verdict of $3.3 million, remitted to $500,000) for **willful** violations of the FCRA where a defendant recklessly disregards its statutory duties.

   ○ **Application:** Defendant's systemic practice of "robo-verifying" disputes and fabricating account numbers constitutes the type of willful/reckless conduct that warrants punitive damages under § 1681n.

Plaintiff requests that the Court consider these authorities in ruling on the pending Motion for Summary Judgment.

*Respectfully submitted by:*

/s/ Dayana Alexander

Dayana Alexander, Pro Se

P.O. Box 114

Hockley, TX 77447

contact@agapeconsultations.com

<u>**CERTIFICATE OF SERVICE**</u>

**CERTIFICATE OF SERVICE** I certify that on **November 19, 2025,** a true and correct copy of the foregoing Notice was served on all counsel of record via the Court's CM/ECF system and via email.

**EUGENE XERXES MARTIN, IV**
**Texas State Bar No. 24078928**
**Email: xmartin@mgl.law**

**JACOB MICHAEL BACH**
**Texas State Bar No. 24100919**
**Email: jbach@mgl.law**

**MARTIN GOLDEN LYONS WATTS MORGAN PLLC**
**Northpark Central, Suite 1850**
**8750 North Central Expressway**
**Dallas, Texas 75231**
**TEL: (214) 346-2630**
**FAX: (214) 346-2631**

**COUNSEL FOR DEFENDANT**

*Respectfully submitted by:*

<u>/s/ Dayana Alexander</u>

Dayana Alexander, Pro Se